## John E. Phillips *vs.* James Megquier & *Tr.*

The disclosure of a trustee cannot be considered as an issue in law, or a case stated by the parties; and therefore the *stat.* of 1835, *c.* 165, prohibits an appeal from a judgment of the C. C. Pleas charging a trustee upon his disclosure, unless upon exceptions duly filed and allowed.

This action was commenced in the Court of Common Pleas, where the defendant was defaulted, and *Bird*, the trustee, made a disclosure, and was adjudged by the Court to be trustee. From this adjudication, the trustee appealed, and entered the action at the next term of the S. J. Court. The counsel for the plaintiff moved to dismiss the action, because no appeal was allowed by law.

*Boyd*, for the plaintiff, contended, that by the *stat.* 1835, *c.* 165, § 2, the right to appeal was taken away in all civil actions. The only remedy for the trustee, if aggrieved, is on exceptions duly taken. *Witherell* v. *Milliken*, 1 *Shepley*, 428; *Piper* v. *Willard*, 6 *Pick.* 461; *Morrill* v. *Brown*, 15 *Pick.* 173.

*Haines*, for the trustee.

The opinion of the Court was by

Shepley J. — The *stat.* 1835, *c.* 165, § 2, provides, " that no appeal shall be had from the Court of Common Pleas in a civil action," except from an opinion or judgment appearing by exceptions, or rendered upon an issue in law, or on a case stated by the parties. The disclosure of a trustee cannot be considered an issue in law, or a case stated by the parties. Those terms have a well known meaning applicable to a class of cases, which they respectively designate. The statute has deprived the party of the right

of appeal in this case unless upon exceptions duly filed and allowed.

*Appeal dismissed.*